[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Terrence E. Dickens, appeals the trial court's judgment revoking his community control and imposing several consecutive terms of incarceration. Dickens was originally convicted of seven counts of trafficking in marijuana and cocaine pursuant to R.C.2925.03(A)(1). After a guilty plea, he was placed on three years of community control, with intensive supervision. The court subsequently revoked the community-control sanction based on violations of the conditions it had imposed. It sentenced Dickens to serve eighteen months' incarceration on each of the first six counts and one year's incarceration on the seventh count, with all terms to be served consecutively.
 {¶ 3} Dickens presents two assignments of error, which we address out of order. In his second assignment of error, he contends that the trial court erred in finding that he violated the conditions of his community control, because that finding was not supported by sufficient evidence and was also against the manifest weight of the evidence.
 {¶ 4} To support the revocation of a community-control sanction, the state need not submit proof beyond a reasonable doubt. Once the state presents substantial evidence of the violations, the trial court may, in its discretion, revoke the offender's community-control sanction. Statev. Hylton (1991), 75 Ohio App.3d 778, 600 N.E.2d 821; State v. Dunaway, 1st Dist. No. C-010518, 2002-Ohio-3290; State v. Wright (Nov. 29, 1995), 1st Dist. No. C-940999.
 {¶ 5} The conditions of Dickens's community control required him to report to his probation officer every week and to pay $29.00 each month. The state presented evidence showing that Dickens failed to report and to pay as required. The trial court found that his reasons for not complying with these conditions were not credible. Matters as to the credibility of evidence are for the trier of fact to decide. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212; Dunaway, supra. We hold that the state presented substantial evidence that Dickens violated the conditions of his community control, and, therefore, the trial court did not abuse its discretion in revoking his community-control sanction. Accordingly, we overrule his second assignment of error.
 {¶ 6} In his first assignment of error, Dickens contends that the sentences imposed by the trial court were contrary to law. Among other things, he argues that the trial court lacked authority to sentence him to any period of incarceration because it failed to follow the provisions of R.C. 2929.19(B) when it originally imposed the community-control sanction. This assignment of error is well taken.
 {¶ 7} R.C. 2929.19(B)(5) provides that "[i]f the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 8} In State v. Giles, 1st Dist. No. C010582, 2002-Ohio-3297, this court held that "literal compliance with R.C. 2929.19(B)(5) is required as a precondition to imposing a prison sentence for a violation of community-control sanctions." Consequently, the trial court must inform the defendant of the specific term of imprisonment that it would impose for violations of the community-control conditions at the sentencing hearing when a community-control sanction is imposed.
 {¶ 9} In this case, the trial court said nothing at the sentencing hearing about what would occur if Dickens violated the conditions of his community control or about what term of imprisonment would be imposed for a violation. The court only informed Dickens during the plea hearing about the range of sentences that could be imposed, which did not comply with the mandates of the statute. Since the trial court failed to strictly comply with the provisions of R.C. 2929.19(B)(5), it could not impose a prison sentence on Dickens. Giles, supra.
 {¶ 10} Accordingly, we hold that the trial court erred in imposing the seven consecutive prison terms on Dickens. We sustain his first assignment of error, reverse the sentence and remand this case for resentencing.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.